No. 25-10378-G

## In the United States Court of Appeals
## for the Eleventh Circuit

KEITH COOPER,

*Plaintiff-Appellant*

v.

AIRBUS AMERICAS, INC.

*Defendant-Appellee*

On Appeal from The United States District Court
For The Southern District of Alabama
No. 1:23-cv-00309-MU

**Appellant's Brief: Appeal For Keith Cooper Addressing Material Disputed Facts and Seeking Reversal of Summary Judgment Due to Judicial Unfairness and Due Process Violations**

Keith Cooper
Pro Se
251-533-6709
keithcooper36610@gmail.com

**No. 25-10378-G**
**KEITH COOPER V. AIRBUS AMERICAS, INC.**

**Certificate of Interested Persons and**
**Disclosure Statement**

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-1, Appellant Keith Cooper, proceeding pro se, submits the following Certificate of Interested Persons and Disclosure Statement. The party represented in this case is Keith Cooper, the Plaintiff-Appellant. Appellant is an individual and has no parent corporations, subsidiaries, or publicly held corporations that own 10% or more of his stock. As the Plaintiff-Appellant is proceeding pro se, there is no law firm representing him in this matter. There are no other entities or persons that hold financial interests related to the outcome of this appeal, except for the Plaintiff-Appellant himself. To the best of Appellant's knowledge, there are no prior related appeals or cases involving the parties. This disclosure statement is filed in compliance with the Federal Rules of Appellate Procedure and the Local Rules of the Eleventh Circuit.

1. The Honorable P. Bradley Murray, Judge for U.S. Southern District of Alabama

**Plaintiff/Appellant:**

2. Keith Cooper

**Defendant/Appellee**

3. Airbus Americas Inc.

**Plaintiff/Appellant Counsel**

4. Keith Cooper, Pro Se

**Defendant/Appellant Counsel**

5. Kathryn Willis, Partner, Burr & Foreman

6. Vickie Childree, Legal Practice Assistant

7. Natalie Forsyth, Paralegal

**Amici:**

8. Dr. Laura Gale, Psychologist/Mental Health Therapist

9. Shameer B. Abrahim, Primary Physician

10. Dominique Guire, Director Human Resources

11. Frederic Weigert, Senior Director Technical Support

12. Macie (Myrick) Mckenzie Campbell, Customer LSN/Ferry FLT Coordinator

13. Pat (Last Name Uknown, TBD)

**PUBLICLY TRADED COMPANY**

Airbus Americas, Inc – AIRBUS SE

## Statement Regarding Oral Argument

Pursuant to Federal Rule of Appellate Procedure 34(a) and Eleventh Circuit Rule 34-3, Appellant does not request oral argument in this appeal. The issues presented are clearly set forth in the record, and the legal arguments are adequately addressed in the briefing. Appellant believes that this appeal may be properly decided based on the written submissions and applicable law without the need for further oral presentation. However, should the Court determine that oral argument would be beneficial to the resolution of the appeal, Appellant stands ready to participate as directed.

# Table of Contents

**Page**

Certificate of Interested Persons and Corporate Disclosure Statement............C-1

Statement Regarding Oral Argument…………………..……………………..i

Table of Contents…………………………………………………………..ii

Table of Citations……………………………………………………….……iii

Jurisdictional Statement……………………………………………......v

Statement of Issues……………………………………………………....1

Statement of the Case…………………………………………...…………3

Summary of the Argument………………………………………….....8

Argument…………………………………………………………………...10

    I. Erroneous Grant of Summary Judgement …………………….......…….10

    II. Improper Incorporation of Pending Motion to Strike …………………...15

    III. Failure to Rule on Defendant's Motion for Partial Dismissal……………16

    IV. Denial of Due Process and Right to Jury Trial ...…………………………17

    V. Litigation Risks and Airbus's Potential Liability…………………….......18

    VI. The Personal Impact on Mr. Cooper…………………………………19

    VII. Deposition for Review Violation…………………………….......19

Conclusion…………………………………………………………………21

Certificate of Compliance……………………………………………23

Certificate of Service…………………………………………....………23

## Table of Citations

**Cases**

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986) .................................. 11,17*

Batson v. Salvation Army, 897 F.3d 1320 (11th Cir. 2018)...........................8

Beacon Theatres, Inc. v. Westover, 359 U.S. 500 (1959)……….......................17

Burns v. Lawther, 53 F.3d 1237 (11th Cir. 1995)….………..……………….20*

Celotex Corp. v. Catrett, 477 U.S. 317 (1986)………..…...................................7,15*

Foman v. Davis, 371 U.S. 178 (1962)….……………………….….….…17

Hall v. Clifton Precision, 150 F.R.D. 525 (E.D. Pa. 1993)…………….…..20

Jefferson v. Sewon Am., Inc., 891 F.3d 911 (11th Cir. 2018) (en banc)…………7

Jones v. UPS Ground Freight, 683 F.3d 1283 (11th Cir. 2012)………………..16

Lewis v. City of Union City, 918 F.3d 1213 (11th Cir. 2019) (en banc)………7,8*

Lockheed-Martin Corp., Smith v., 644 F.3d 1321 (11th Cir. 2011) ....................11

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986) .........18

Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306 (1950)……………...16

Parklane Hosiery Co. v. Shore, 439 U.S. 322 (1979)………………………...17

Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133 (2000).....................19*

Smith v. Lockheed-Martin Corp., 644 F.3d 1321 (11th Cir. 2011)……………11*

Tolar v. Bradley Arant Boult Cummings,LLP, 997 F.3d 1280 (11th Cir. 2021)…7

Wilkinson v. Carnival Cruise Lines, Inc., 920 F.2d 1560 (11th Cir. 1991) .........18

**Statutes**

29 U.S.C. § 2617(a)(1)(A)…………………………………………………....18

29 U.S.C. § 2617(a)(3)…………………………………………………………18

42 U.S.C. § 1981……………………………………………………….2,3, 8, 18, 21

42 U.S.C. § 2000e et seq…………………………………………………..3,18

**Constitutional Provisions**

U.S. Const. amend. V .......................................................................... 17

U.S. Const. amend. VII ......................................................2,9,17,18,19,22

U.S. Const. amend. XIV ......................................................................... 17

**Federal Rules**

Fed. R. Civ. P. 30(e)………………………………………………19,21*

Fed. R. App. P. 32(a)(7) ........................................................................ 23

Fed. R. App. P. 32(a)(7)(B)………………………………………...……….23

Fed. R. App. P. 32(f)…………………………………………………….23

Fed. R. Civ. P. 56(a)………………………………………….....1,7,8,10,16*

Fed. R. Civ. P. 56(c)(2)………………………………………………….15

## Jurisdictional Statement

The U.S. District Court for the Southern District of Alabama had original jurisdiction over this case under 28 U.S.C. § 1331 because Mr. Cooper's claims arise under federal law (Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1981, and the Family and Medical Leave Act). The district court entered a final judgment on January 28, 2025, granting summary judgment in favor of Defendant/Appellee Airbus Americas, Inc. on all of Mr. Cooper's claims(cite judges order).

Pursuant to Federal Rule of Appellate Procedure 4(a)(1), the Notice of Appeal was timely filed on February 6, 2025, within the 30-day period required for civil appeals. Therefore, this Court has proper jurisdiction to review the district court's ruling.

## STATEMENT OF ISSUES

I. Whether the district court erred in granting summary judgment to Airbus under Federal Rule of Civil Procedure 56(a)[1] despite the presence of genuine disputes of material fact, by impermissibly weighing evidence in Airbus's favor and failing to view contested facts in the light most favorable to the Appellant, thereby depriving the Appellant of his right to a jury determination.

II. Whether the district court violated Mr. Cooper's due process rights by improperly incorporating and granting Airbus's pending Motion to Strike evidence in its summary judgment ruling, thereby excluding or disregarding key portions of Mr. Cooper's evidence without a proper hearing or application of the correct Rule 56(a) standard, which allows consideration of evidence that can be presented in admissible form.

III. Whether the district court committed reversible error by failing to rule on Airbus's Motion for Partial Dismissal of the FMLA claim, creating procedural confusion as to the status of this claim and prejudicing Mr. Cooper's ability to fully respond, particularly by hindering his ability to clearly argue the nexus between his FMLA leave and Airbus's subsequent retaliatory actions, and whether any such failure to

---

[1] Federal Rule of Civil Procedure 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). This standard requires the court to determine whether a reasonable jury could return a verdict in favor of the non-moving party based on the presented evidence. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

1

explicitly resolve the motion impacted the fairness, clarity, and integrity of the proceedings.

IV. Whether the district court's summary disposition of Mr. Cooper's claims deprived him of due process and his Seventh Amendment right to a jury trial on his Title VII, §1981, and FMLA claims, given that disputes over intent, motivation, and credibility were decided by the judge rather than a jury.

V. Whether, viewing the record in the light most favorable to Mr. Cooper, Airbus faces substantial litigation risks and potential liability that warrant a trial (and counsels in favor of settlement) including exposure to back pay, front pay, compensatory damages for emotional distress, punitive damages under Title VII and § 1981, and liquidated (double) damages under the FMLA, such that summary judgment was an inappropriate and drastic remedy.

VI. Whether the personal impact of these events on Mr. Cooper, including severe mental health struggles, financial hardship, and career loss, underscores the need for a jury to hear his case, so that justice is not only done but seen to be done for an aggrieved employee who has endured significant harm.

VII. Whether the district court committed reversible error and violated Mr. Cooper's due process rights by failing to ensure that he received a copy of his deposition transcript for review and correction, thereby preventing him from making appropriate motions or addressing inaccuracies, and whether the presence of a

2

named harasser at the deposition, retraumatizing him in a hostile setting, further impaired his ability to testify effectively and defend his claims.

## STATEMENT OF THE CASE

### i. Course of Proceedings and Disposition in the Court

On August 16, 2023, the Appellant's original complaint was filed in the United States District Court for the Southern District of Alabama, alleging claims of race discrimination and retaliation under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq., 42 U.S.C. § 1981 (Doc. 1, Compl.) On May 10, 2024, the Appellant, proceeding Pro Se amended his complaint to include retaliation under the Family and Medical Leave Act (FMLA) (Docs. 31, 60, Second Am. Compl.). On May 20, 2024, Airbus Americas' Inc. filed a Motion to Dismiss Plaintiff's amended complaint (Doc. 33). On September 26, 2024, The District Court dismissed a Whistleblower Protection Act (WPA) claim as Airbus was not a federal employer and partially granted Airbus's motion to dismiss Mr. Cooper's original FMLA claim as untimely but allowed amendment to assert a willful violation under the three-year statute of limitations (Doc. 56, Doc. 60, Second Am. Compl.). On, October 21, 2024, Airbus Americas' Inc. filed a Partial Motion to Dismiss FMLA claim (Doc. 61). On October 24, 2024, following extensive discovery, Airbus filed a motion for summary judgment, arguing Mr. Cooper lacked evidence to establish a prima facie case or to show pretext or causation (Doc. 66).  On November 1,

2024, Plaintiff filed a Response to Airbus Americas' Inc. Partial Motion to Dismiss (Doc. 69). On November 21, 2024, Plaintiff filed a Response in opposition to Airbus Americas' Inc. Brief for Summary Judgement (Doc 72, Doc. 73).  On December 5, 2024, Airbus moved to strike certain portions of Mr. Cooper's evidence used to support his opposition by filing a Motion to Strike (Doc. 75), the District Court issued a written order granting summary judgment in favor of Airbus on all claims on January 14, 2025, one day before Joint Pretrial Conference (Doc. 81.) Final judgment was entered on January 28, 2024 (Doc. 83), from which Mr. Cooper timely appealed on February 6, 2025 (Doc. 84).

## ii. Statement of Facts

Keith Cooper, an African American male, began employment with Airbus at its Mobile, Alabama facility on February 15, 2021. (Cooper Dep., Doc. 63-1.) He was hired as a Manufacturing Engineer ("ME") in the A320 Flightline division, tasked with assisting aircraft production and addressing technical issues. (Doc. 63-1.) From the outset, Mr. Cooper encountered a hostile and discriminatory work environment. Unlike similarly situated Manufacturing Engineers who attended comprehensive training at Airbus's German facilities, Mr. Cooper received only local training. He later learned that standard training typically lasted up to 18 months, a period not afforded to him. (Cooper Dep., Doc. 63-1, Tab A; Affidavit of Randolph Miller, Doc. 63-4, Tab D.)

4

During his training, coworkers shot at Mr. Cooper with "assault-style" Nerf gun bullets and subjected him to derogatory, racially tinged comments. Mr. Cooper reported these incidents and concerns regarding discriminatory substandard training to Airbus HR representative Ethan Mattocks via email on May 25, 2021. (Doc. 73, Plaintiff's Exhibits.)

On May 26, 2021, Mr. Cooper met with HR representatives Ethan Mattocks and Stephanie Burt, explicitly raising concerns of a racially hostile work environment and harassment. Despite this, harassment continued. While on medical leave, Mr. Cooper again notified HR of the unabated hostile environment on May 31, 2021 (Doc. 76, Response to Motion to Strike.).

Airbus's response remained inadequate. Although a new trainer was assigned in June 21, 2021, Mr. Cooper remained among the same co-workers without any disciplinary action taken against those responsible for harassment. (Affidavit of Bruno Fiton, Doc. 63-3, Tab C.)

The ongoing hostile environment significantly impacted Mr. Cooper's mental health, leading his physician to place him on medical leave, approved as FMLA leave by Airbus from July 12 to July 27, 2021. (Doc. 66, Airbus's MSJ.) While Mr. Cooper was on protected FMLA leave, Airbus managers including Bruno Fiton, Bernard Bousquet, and Ethan Mattocks convened on July 13, 2021, and discussed retaliatory actions: placing Mr. Cooper on a Performance Improvement Plan

5

("PIP"), transferring him to a less favorable position in the Flowline, and ultimately terminating him. Additionally, Airbus placed him on a "Be On the Lookout" (BOLO) poster, with his photo displayed at the facility entrance guard shack for all employees to see upon entry. (Plaintiff's Decl., Doc. 73; Plaintiff's Exhibits.)

Upon returning from FMLA leave on August 2, 2021, Airbus executed these plans: Mr. Cooper was reassigned to the Flowline, a move he perceived as a demotion, and placed immediately on a PIP without prior warnings or documented performance deficiencies, contrary to Airbus's own internal PIP policies. (Doc. 66, MSJ; Cooper Dep., Doc. 63-1.)

The PIP outlined performance targets for an accelerated review period during August-September 2021. On August 5, 2021, Airbus employee Eric Crosby acknowledged the normal ME training duration as 18 months, yet Mr. Cooper faced assessment after only 90 days (with the first job training assessment administered on May 12, 2021). Airbus' accelerated PIP resulted in alleged negative findings on August 23 and September 8, 2021, leading directly to Mr. Cooper's termination on September 10, 2021. (Doc. 66, MSJ.)

Mr. Cooper alleges discrimination and retaliation, given the suspicious timing and treatment unlike any similarly situated ME. His complaints to HR regarding harassment and his utilization of FMLA correlate closely with the adverse

employment actions demonstrating temporal proximity. Furthermore, Airbus's documentation concerning Mr. Cooper's PIP was altered post-termination to retroactively justify his dismissal. (Doc. 77, List of Disputed Facts; Plaintiff's Exhibits.)

Following termination, Mr. Cooper suffered severe emotional distress, mental anguish, and economic hardship. He filed an EEOC Charge of Discrimination on October 27, 2021, asserting racial discrimination and retaliation. (Doc. 66, MSJ.) After obtaining a Notice of Right to Sue from the EEOC, Mr. Cooper initiated civil litigation.

### iii. Statement of the Standard or Scope of Review

This Court reviews the grant of summary judgment by a district court de novo, viewing the facts and drawing all reasonable inferences in favor of the non-moving party. *See Tolar v. Bradley Arant Boult Cummings, LLP*, 997 F.3d 1280, 1288–89 (11th Cir. 2021); *Jefferson v. Sewon Am., Inc.*, 891 F.3d 911, 919 (11th Cir. 2018). Summary judgment is appropriate only if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

Claims involving discrimination and retaliation under Title VII, 42 U.S.C. § 1981, and the FMLA are subject to the same de novo review on appeal from summary judgment. *Lewis v. City of Union City*, 918 F.3d 1213, 1220 n.5 (11th Cir. 2019)

(en banc); *Batson v. Salvation Army*, 897 F.3d 1320, 1327 (11th Cir. 2018). The Court must reverse summary judgment if, after construing the evidence in the light most favorable to the non-movant, a reasonable jury could find in favor of the non-movant. *Lewis*, 918 F.3d at 1220; *Jefferson*, 891 F.3d at 920.

## SUMMARY OF THE ARGUMENT

1. The district court erred by granting summary judgment under Rule 56 where genuine disputes of material facts remained. Mr. Cooper offered substantial evidence of racial discrimination highlighting lack of training, hostile work environment, discriminatory remarks, and retaliation (Airbus managers allegedly plotting adverse actions and enacting those actions while he was on FMLA leave to include the placement of a BOLO for all to see). The court weighed evidence in Airbus's favor, contrary to Eleventh Circuit precedent requiring all inferences for the non-movant. The district court's grant of summary judgment was erroneous because genuine disputes of material fact abound in this case. Summary judgment is appropriate only when no reasonable jury could find for the non-movant on any material fact. The district court improperly weighed the evidence and resolved factual inferences in Airbus's favor, contrary to Rule 56 principles.

2. The court violated due process by incorporating a pending motion to strike into the summary judgment ruling, thus excluding large swaths of Mr. Cooper's

8

evidence without properly considering whether it could be presented in admissible form. This prejudiced Mr. Cooper's case at the critical summary judgment phase.

3. The court failed to rule on Airbus's motion for partial dismissal of FMLA claim, leaving Mr. Cooper in procedural limbo about the status of his FMLA claim. This contributed to the unfairness and confusion surrounding the final disposition.

4. By resolving factual issues one day before pretrial and refusing to allow a jury to decide contested matters of intent and credibility, the court violated Mr. Cooper's Seventh Amendment right to a jury trial. Such an improper summary judgment denies a litigant the constitutional function of the jury[2].

5. Airbus faces substantial litigation risk if a jury hears these claims, including back pay, front pay, compensatory damages, punitive damages, and FMLA liquidated damages. These factors would have encouraged settlement had the case proceeded past summary judgment. The stakes of this litigation, both for Airbus and Mr. Cooper, further counsel that the grant of summary judgment was premature and unjust. From Airbus's perspective, if this case proceeds to trial, the company faces substantial litigation risks and potential liability.

---

[2] he Seventh Amendment to the United States Constitution guarantees the right to a jury trial in civil cases where the value in controversy exceeds twenty dollars. It preserves the common law tradition of allowing a jury, rather than a judge, to decide issues of fact, particularly in cases involving legal claims for monetary damages. The Supreme Court has reaffirmed that summary judgment is only appropriate when no genuine dispute of material fact exists, as resolving factual disputes is the function of a jury, not the court. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.").

6. The personal impact on Mr. Cooper, mental health struggles, financial hardship, and career loss, reinforces the gravity of these claims. A jury trial is essential so that justice is both done and seen to be done, and Mr. Cooper's day in court is not prematurely foreclosed.

For all these reasons, detailed more fully below, the district court's summary judgment ruling should be reversed. Mr. Cooper has met and surpassed the threshold to proceed to trial: he has established genuine disputes of material facts on the key issues of motivation and intent, undermined Airbus's proffered reasons as pretexts, and demonstrated that the process leading to judgment below was compromised. He respectfully asks this Court to reinstate his claims so that a jury can ultimately decide them.

## ARGUMENT

### I. The District Court Erred in Granting Summary Judgment Despite Genuine Disputes of Material Fact, Violating Rule 56(a) Standards

Summary judgment under Federal Rule of Civil Procedure 56 is a "drastic remedy" that is appropriate only when the movant shows that "there is no genuine dispute as to any material fact" and that it is entitled to judgment as a matter of law. The court must view all evidence and draw all reasonable inferences in favor of the non-moving party (here, Mr. Cooper). It is black-letter law that at summary judgment, a judge may not weigh conflicting evidence or make credibility determinations; those are functions reserved for the jury. As the Supreme Court has emphasized,

10

"the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). If the record taken could lead a reasonable juror to return a verdict for the nonmovant, summary judgment must be denied. In discrimination and retaliation cases, these principles take on special importance because the key issues often turn on intent and motivation, which are usually proven through circumstantial evidence and the inference of fact, quintessential jury questions. The Eleventh Circuit recognizes that a plaintiff can survive summary judgment by presenting a "convincing mosaic" of circumstantial evidence that allows an inference of intentional discrimination, even if each piece of evidence viewed alone might be insufficient. Indeed, "the plaintiff will always survive summary judgment if he presents circumstantial evidence that creates a triable issue concerning the employer's discriminatory intent" *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011).

In the case at bar, the district court's ruling violated these foundational standards. Mr. Cooper put forward ample evidence from which a jury could find that Airbus discriminated against him because of his race and retaliated against him for engaging in protected activities. The court, however, improperly dismissed or discounted that evidence, often by resolving factual ambiguities in Airbus's favor, the opposite of the required approach.

Specifically, genuine disputes of material fact exist as to:

## 1. Whether Plaintiff Received Unequal or Insufficient Training (Comparative Treatment)

Plaintiff contends he was entitled to (and deprived of) an 18-month training period that other Manufacturing Engineers received, whereas Defendant denies or disputes that any such standard training period was owed. (Doc. 80 JPD, Statement of the Case § II(A).)

## 2. Whether Hostile Acts or Harassment Occurred

Plaintiff alleges incidents of racial taunting and being shot at with "assault-style" Nerf bullets, culminating in a racially hostile work environment; Defendant disputes both the severity and motives of these incidents. (Doc. 80 JPD, Disputed Facts § II(B).)

## 3. Whether Plaintiff's May 25-26, 2021 Complaints Put Defendant on Notice of Race-Based Concerns

Plaintiff insists he explicitly raised racial discrimination to HR (May 25-26), including references to racial remarks; Defendant maintains that race-based complaints were not clearly communicated. (Doc. 80 JPD, Disputed Facts § II(B).)

## 4. Whether "BOLO" (Be-On-the-Lookout) Was Issued and Why

Plaintiff asserts a BOLO was placed on him (May 28, 2021) without legitimate

12

reason, signaling retaliation or hostility; Defendant either disputes the existence of the BOLO or its significance. (Doc. 80 JPD, Disputed Facts § II(B).)

**5. Whether Alterations Were Made to the Performance Improvement Plan (PIP) After Termination**

Plaintiff contends that, following his termination, Defendant retroactively changed or doctored his PIP to justify firing him; Defendant denies any improper alteration. (Doc. 80 JPD, Disputed Facts § II(B).)

**6. Whether Similarly Situated MEs Outside Plaintiff's Race Were Treated More Favorably**

Plaintiff claims no other Manufacturing Engineer was placed on a PIP or terminated so abruptly; Defendant disputes that any valid comparator existed or that Plaintiff was similarly situated to others. (Doc. 80 JPD, Disputed Facts § II(B).)

**7. Whether the Decision to Terminate Was Already Underway During Plaintiff's FMLA Leave**

The plaintiff alleges that management began discussing plans to place him on a PIP, move him to another position (less desirable) and end his employment while he was on protected FMLA leave in July 2021; Defendant denies any retaliatory nexus. (Doc. 80 JPD, Statement of the Case § II(C).)

**8. Whether Plaintiff's Alleged Performance Deficiencies Were Genuine or Pretextual**

Plaintiff avers that his purported "performance issues" were minor or fabricated, especially given inadequate training and abrupt timelines; Defendant maintains that Plaintiff genuinely failed to meet ME requirements. (Doc. 80 JPD, Disputed Facts §§ I-II.)

**9. Whether HR or Management Took Adequate Investigative or Remedial Action**

Plaintiff contends HR and supervisors did little to investigate or rectify racial hostility and training disparities, contravening standard policy; Defendant insists it adequately addressed his complaints. (Doc. 80 JPD, Disputed Facts §§ I-II.)

**10. Whether the Timing and Sequence of Events Support a Retaliatory Motive**

Plaintiff asserts that PIP placement, BOLO issuance, and termination were suspiciously close in time to his discrimination complaints and FMLA leave; Defendant denies any causal link. (Doc. 80 JPD, Statement of the Case § II(D).)

**11. Whether the "Verbal Altercations" or "Threats" Attributed to Plaintiff Were Accurately Reported**

Plaintiff denies ever threatening a co-worker (e.g., Tijerina) with comments such as "he would be dead soon," while Defendant claims it learned of such a statement, influencing disciplinary decisions. (Doc. 80 JPD, Disputed Facts § II(B).)

14

**12. Whether the September 8, 2021 'Final Assessment' Properly Reflected Plaintiff's Actual Competence**

Plaintiff says he was never allowed to demonstrate certain tasks or was improperly evaluated; Defendant states the final assessment revealed fundamental misunderstandings. (Doc. 80 JPD, Disputed Facts § II(C).)

**II. The District Court Improperly Incorporated a Pending Motion to Strike into its Summary Judgment Ruling, Excluding Key Evidence and Violating Due Process.**

Airbus filed a Motion to Strike (Doc. 75) seeking to exclude portions of Mr. Cooper's evidence, including affidavits, declarations, and certain exhibits (like the "BOLO" notice). (See Doc. 77, "List of Disputed Facts," referencing the BOLO in ¶62–63). The court granted much of this motion in part, effectively embedding its rulings into the summary judgment order. (Doc. 82). This approach was procedurally flawed:

   A. Rule 56(c)(2) states that a party "may object that the material cited ... cannot be presented in a form that would be admissible in evidence." The Supreme Court has clarified that courts should consider whether the party could present the evidence "in admissible form" at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Striking entire swaths of evidence when the witness could testify live is an overreach.

15

B. Mr. Cooper, a pro se litigant, could cure alleged hearsay or authentication issues by calling the relevant individuals as witnesses. The Eleventh Circuit cautions that evidence should not be stricken at summary judgment if it could be properly admitted later. *See Jones v. UPS Ground Freight*, 683 F.3d 1283, 1293-94 (11th Cir. 2012).

C. By excluding Mr. Cooper's evidence wholesale, the district court preemptively dismissed factual averments about his alleged "18-month training standard," "hostile remarks," and "BOLO" notice. This denial of a fair hearing on potential evidence is unjust. *See Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) citing due process requires meaningful opportunity to be heard.

As a result, crucial allegations, like Airbus retroactively editing the PIP, never got full consideration. The court thus decided summary judgment on a truncated record. This violated both Rule 56's liberal standard for potential admissibility and Mr. Cooper's due process rights to have a full airing of his evidence.

### III. The District Court's Failure to Rule on Airbus's Motion for Partial Dismissal Left the Status of Claims Unclear and Contributed to Reversible Error.

Earlier, Airbus filed a partial motion to dismiss targeting the FMLA claim on timeliness grounds. (See Doc. 61, referencing partial dismissal). The court allowed Mr. Cooper to amend to allege willfulness but never explicitly denied the

16

remainder of Airbus's motion or clarified the claim's viability. This left Mr. Cooper unsure whether the FMLA claim fully survived or remained partially dismissed. Such uncertainty prejudiced his ability to defend it at summary judgment.

Proper practice would have been to issue a clear ruling on the partial motion, either denying it as moot or specifying the precise scope. Cf. *Foman v. Davis*, 371 U.S. 178, 182 (1962) (courts should provide clarity on amendments). Instead, the district court effectively merged the motion into its final summary judgment order, concluding Mr. Cooper failed to show "willful" FMLA retaliation. (Doc. 82). But the confusion likely prevented Mr. Cooper from focusing discovery or arguments on willfulness. This procedural lapse further supports reversal.

## IV. The District Court's Rulings Denied Mr. Cooper Due Process and His Right to a Jury Trial under the Fifth, Seventh, and Fourteenth Amendments.

Civil rights and discrimination cases frequently hinge on fact-specific inquiries, such as intent and motivation. The Seventh Amendment guarantees a right to jury trial on these disputes. *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510-11 (1959). At summary judgment, if "reasonable minds could differ," the court must defer to the jury. *Anderson*, 477 U.S. at 250-51.

Here, the court improperly resolved factual controversies. It credited Airbus's "performance-based" explanation and rejected Mr. Cooper's evidence of racial/retaliatory motive, thus depriving him of a jury determination. *See Parklane*

17

*Hosiery Co. v. Shore*, 439 U.S. 322, 336 (1979) (summary judgment is consistent with the Seventh Amendment only if no genuine facts remain). Because genuine facts did remain, the grant of summary judgment was a violation of that constitutional guarantee. Additionally, due process mandates a meaningful chance to be heard on disputed facts. *Wilkinson*, 920 F.2d at 1563-64. The hasty summary judgment, *one day before pretrial*, further underscores the due process concern.

## V.    Airbus Faces Significant Litigation Risks and Potential Liability if the Case Proceeds, a Reality That Underscores the Need for Trial and Would Encourage a Fair Settlement.

Had the case proceeded, Airbus would confront substantial liability and reputational harm if a jury concluded it discriminated or retaliated:

- Back pay from September 2021 to present, plus front pay.

- Compensatory and punitive damages under Title VII and § 1981 (no cap under § 1981).

- Liquidated (double) damages under FMLA if "willfulness" is found, see 29 U.S.C. § 2617(a)(1)(A).

- Attorneys' fees and costs under 42 U.S.C. § 2000e-5(k) and 29 U.S.C. § 2617(a)(3).

This exposure, plus the public spotlight of a discrimination trial, often spurs settlement. By granting summary judgment, the district court foreclosed trial and settlement avenues. See *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475

18

U.S. 574, 586-87 (1986) (recognizing the risk-based approach to litigation).

Reversal would restore the possibility of a negotiated resolution or a jury verdict.

## VI. Mr. Cooper's Personal Story and the Impact of Airbus's Actions Underscore Why a Jury Should Hear This Case.

Finally, this case is not merely a legal abstraction. Mr. Cooper lost his job abruptly, endangering his livelihood. He suffered mental health crises, indeed, part of his FMLA leave was due to anxiety and depression. (Doc. 63-1, Cooper Dep., and Doc. 63-2, Burt Aff.) The financial and psychological toll has been severe: he struggled to find comparable work, fell behind on bills, and coped with ongoing distress. A swift summary judgment robs him of the chance to tell his story fully and let community jurors decide.

Human stakes reinforce that the Seventh Amendment right to a jury is crucial, especially when a plaintiff raises fundamental questions of employment rights and equal opportunity. A jury trial "allows the community to express its conscience" on discrimination claims. See *Reeves v. Sanderson Plumbing Prods.*, Inc., 530 U.S. 133, 150-51 (2000). By reversing the court's erroneous summary judgment, this Court ensures Mr. Cooper receives that constitutionally protected day in court.

## VII. The District Court's Failure to Ensure That Appellant Received His Deposition for Review Violated Due Process and Prejudiced His Ability to Litigate His Case

Federal Rule of Civil Procedure 30(e) provides that a deponent must be given an opportunity to review and correct errors in the transcript before it is finalized.

19

Here, the Appellant, Mr. Cooper, was never provided with a copy of his deposition transcript to review and sign, depriving him of the opportunity to correct errors or raise appropriate motions. This procedural failure prejudiced him at summary judgment by allowing Airbus to rely on an unreviewed and potentially inaccurate record. See *Burns v. Lawther*, 53 F.3d 1237, 1241 (11th Cir. 1995), holding that due process requires litigants be given fair opportunity to review and challenge deposition testimony that may impact their case.

Additionally, the deposition itself was inherently coercive and prejudicial because an Airbus employee, Ethan Mattocks, who had been the subject of Mr. Cooper's internal complaints was present during the deposition, forcing Mr. Cooper to relive the hostile work environment he had reported. Courts have recognized that depositions must be conducted in a manner that ensures fairness and does not unduly pressure or intimidate witnesses. See *Hall v. Clifton Precision*, 150 F.R.D. 525, 530 (E.D. Pa. 1993) (noting that intimidation during depositions can impact the fairness of the proceedings and must be addressed by courts to protect litigants).

By failing to ensure that Mr. Cooper was provided with a copy of his deposition for review and allowing an adverse party to be present in a manner that created a coercive environment, the district court violated fundamental principles of procedural fairness and due process. This failure further prejudiced Mr. Cooper by

depriving him of the opportunity to challenge inaccuracies in his testimony or file motions addressing these concerns.

Because these procedural defects affected the fairness of the district court's ruling, reversal is warranted to ensure that Mr. Cooper's case is decided on a full and accurate record, free from procedural irregularities that undermined his ability to fairly litigate his claims.

Mr. Cooper was never provided a copy of his deposition for review and correction, in violation of Federal Rule of Civil Procedure 30(e). This omission was particularly prejudicial because one of the employees he had previously complained about was present at the deposition, creating an intimidating and hostile setting that re-traumatized him. Such conditions fundamentally compromised the fairness of the deposition process and warrant reversal.

## CONCLUSION

For the foregoing reasons, Appellant Keith Cooper respectfully requests that this Court:

1. REVERSE the district court's grant of summary judgment in favor of Airbus Americas, Inc.

2. REMAND the case for a jury trial on all of Mr. Cooper's remaining claims (Title VII, § 1981 discrimination and retaliation, and FMLA retaliation).

3. DIRECT the district court to permit Mr. Cooper's relevant evidence to be presented at trial, subject to standard evidentiary rules, rather than struck prematurely; and

4. AWARD any other relief this Court deems just and proper, including taxation of appellate costs against Appellee under Fed. R. App. P. 39 if Mr. Cooper prevails on appeal.

Mr. Cooper seeks only the opportunity to present his case to a jury of his peers and have them decide the disputed issues of fact regarding discrimination and retaliation. Under Eleventh Circuit and Supreme Court precedent, the substantial factual disputes preclude summary judgment. Reversal and remand will vindicate the Seventh Amendment and ensure a fair trial in this important civil rights matter.

Date: March 17, 2025

Keith Cooper
Pro Se
Plaintiff/Appellant

22

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rule of Appellate Procedure 32(a)(7)(B) and 11th Cir. Rule 32-4, I certify that this brief complies with the type-volume limitation applicable to Eleventh Circuit briefs. According to the word count function of the word processing program used (Microsoft Word), this brief contains 5087 words (excluding the parts of the brief exempted by Fed. R. App. P. 32(f)), which is within the permitted length for an appellant's brief. The brief has been prepared in a proportionally spaced typeface (14-point Times New Roman font) and otherwise complies with the formatting requirements of Rule 32(a).

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, March 17th, 2025, a true and correct copy of the Appellant's Brief was served in compliance with Federal Rule of Appellate Procedure 25 and Eleventh Circuit Rule 25-3 as follows:

- Four (4) paper copies of the brief were sent via United States Postal Service (USPS) Priority Mail to:
  Clerk of Court

  United States Court of Appeals for the Eleventh Circuit
  56 Forsyth Street, N.W.
  Atlanta, GA 30303

23

- One (1) paper copy of the brief was sent via United States Postal Service (USPS) Priority Mail to counsel for Appellee:

Kathryn Willis
Burr & Forman
11 N Water St # 22200
Mobile, AL 36602

I declare under the penalty of perjury that the foregoing is true and correct. I

further certify that all copies were mailed in compliance with the rules governing

service and filing in the United States Court of Appeals for the Eleventh Circuit.

Dated: March 17th, 2025

Respectfully submitted,

*Keith Cooper*

Keith Cooper
Pro Se
Plaintiff/Appellant,
keithcooper36610@gmail.com

24