No. 25-10378-G

## In the United States Court of Appeals for the Eleventh Circuit

KEITH COOPER,

*Plaintiff-Appellant*

v.

AIRBUS AMERICAS, INC.

*Defendant-Appellee*

On Appeal from The United States District Court
For The Southern District of Alabama
No. 1:23-cv-00309-MU

**Appellant's Reply Brief: Appeal For Keith Cooper Addressing and Reaffirming Material Disputed Facts and Seeking Reversal of Summary Judgment Due to Judicial Unfairness and Due Process Violations**

Keith Cooper
Pro Se
251-533-6709
keithcooper36610@gmail.com

No. 25-10378-G
KEITH COOPER V. AIRBUS AMERICAS, INC.

### Certificate of Interested Persons and Disclosure Statement

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rule 26.1-1, Appellant Keith Cooper, proceeding pro se, submits the following Certificate of Interested Persons and Disclosure Statement. The party represented in this case is Keith Cooper, the Plaintiff-Appellant. Appellant is an individual and has no parent corporations, subsidiaries, or publicly held corporations that own 10% or more of his stock. As the Plaintiff-Appellant is proceeding pro se, there is no law firm representing him in this matter. There are no other entities or persons that hold financial interests related to the outcome of this appeal, except for the Plaintiff-Appellant himself. To the best of Appellant's knowledge, there are no prior related appeals or cases involving the parties. This disclosure statement is filed in compliance with the Federal Rules of Appellate Procedure and the Local Rules of the Eleventh Circuit.

1. The Honorable P. Bradley Murray, Judge for U.S. Southern District of Alabama

**Plaintiff/Appellant:**

2. Keith Cooper

**Defendant/Appellee**

3. Airbus Americas Inc.

**Plaintiff/Appellant Counsel**

4. Keith Cooper, Pro Se

**Defendant/Appellant Counsel**

5. Kathryn Willis, Partner, Burr & Foreman

6. Vickie Childree, Legal Practice Assistant

7. Natalie Forsyth, Paralegal

**Amici:**

8. Dr. Laura Gale, Psychologist/Mental Health Therapist

9. Shameer B. Abrahim, Primary Physician

10. Dominique Guire, Director Human Resources

11. Frederic Weigert, Senior Director Technical Support

12. Macie (Myrick) Mckenzie Campbell, Customer LSN/Ferry FLT Coordinator

13. Pat (Last Name Uknown, TBD)

**PUBLICLY TRADED COMPANY**

Airbus Americas, Inc – AIRBUS SE

## Table of Contents

**Certificate of Interested Persons and Corporate Disclosure Statement**...................................................................................C-1

**Table of Contents**.........................................................................i

**Table of Citations**.......................................................................ii

**I. Clarification of Factual Inaccuracies**.......................................1

   A. Deposition Transcript and Rule 30(e) Violation.............................1

   B. FMLA Timing and Clarification...................................................2

   C. Hostile Deposition Conditions.....................................................3

**II. Appellant's Rebuttal and Reaffirmation of Legal Arguments**............3

   A. Summary Judgment and the Seventh Amendment...........................4

   B. Improper Striking of Evidence under Rule 56(c)(2)........................5

   C. Failure to Rule on Motion to Dismiss Was Prejudicial....................6

   D. Close Temporal Proximity and Brungardt.....................................6

   E. Similarly Situated Comparators under Lewis..................................7

**III. Procedural Violations by Appellee**........................................10

   A. Appellee's Failure to File Appendix............................................10

   B. Improper Use of Incomplete Record Evidence..............................10

**IV. Equity, Due Process, and the Need for Jury Determination**..........10

**V. Conclusion**...........................................................................12

**Certificate of Compliance**.........................................................12

i

Certificate of Service................................................................13

## Table of Citations

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).......................9,11

Ashcroft v. Iqbal, 556 U.S. 662 (2009)........................................6

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)..............................6

Brungardt v. BellSouth Telecommunications, Inc., 231 F.3d 791 (11th Cir. 2000)..............................................................2,4,6

Burns v. Lawther, 53 F.3d 1237 (11th Cir. 1995)............................4,11

Celotex Corp. v. Catrett, 477 U.S. 317 (1986)..............................5

Evans v. Books-A-Million, Inc., 762 F.3d 1288 (11th Cir. 2014).............7

Gamba v. City of Sunrise, 157 F. App'x 112 (11th Cir. 2005)................9

Jones v. UPS Ground Freight, 683 F.3d 1283 (11th Cir. 2012).............5,8

Lewis v. City of Union City, 918 F.3d 1213 (11th Cir. 2019) (en banc)....4,7

Smith v. Lockheed-Martin Corp., 644 F.3d 1321 (11th Cir. 2011)............9

Strickland v. Water Works & Sewer Bd. of Birmingham, 239 F.3d 1199 (11th Cir. 2001)...............................................................2

## Statutes

**29 U.S.C. § 2615(a)(1)** Prohibits interference with rights under the Family and Medical Leave Act (FMLA)................................................6

**42 U.S.C. § 1981** Provides for equal rights under the law and prohibits race discrimination in employment and contracts...................................12

## Constitutional Provisions

**U.S. Const. amend.** V Due process clause, applicable to federal actions.

**U.S. Const. amend.** VII Right to a jury trial in civil cases where material facts are in dispute.

**U.S. Const. amend.** XIV Equal protection and due process rights under state actions, often cited in § 1981 claims.

## Federal Rules

**Fed. R. Civ. P. 12(b)(6)** Motion to dismiss for failure to state a claim.

**Fed. R. Civ. P. 30(e)** Allows a deponent to review and sign/correct a deposition transcript.

**Fed. R. Civ. P. 56(a)** Governs motions for summary judgment.

**Fed. R. Civ. P. 56(c)(2)** Allows objections to evidence at summary judgment that cannot be presented in admissible form.

**Fed. R. App. P. 25** Governs filing and service of appellate documents.

**Fed. R. App. P. 32(a)(7)** Sets formatting and word-count limitations for appellate briefs.

## INTRODUCTION

Under Federal Rule of Appellate Procedure 28(c) and Eleventh Circuit Rule 28-1(i), Mr. Cooper, the Appellant, respectfully submits this reply brief to respond to arguments raised in the Appellee's brief, clarify factual misstatements, and correct the record. This reply is limited to rebuttal and does not raise new issues. It emphasizes procedural errors, misapplication of governing law, and prejudicial handling of material facts and evidence which all collectively warrant reversal of the district court's grant of summary judgment.

## I. CLARIFICATION OF FACTUAL INACCURACIES

### A. Deposition Transcript and Rule 30(e) Violation

Mr. Cooper wishes to correct and clarify that it was the Appellee's responsibility, not the district court's, to provide the Plaintiff, now Appellant, an opportunity to review and sign the deposition transcript under Fed. R. Civ. P. 30(e). The appellant explicitly asked at the conclusion of the deposition on September 20, 2024, whether he would receive a copy for review. The Appellee confirmed that he would. However, the deposition was filed with the court on October 24, 2024, only 34 days later, without notifying the Appellant that it was completed or allowing time for review and correction. This violated Federal Rule 30(e) of the Civil Rules of

1

Procedure[1]. The deposition was used to support the Appellee's Motion for summary Judgement where pages were omitted, and several responses were taken out of context, resulting in a distorted evidentiary basis for the district court's ruling on summary judgment.

## B. FMLA Timing and Clarification

Appellant clarifies a misstatement in his initial brief: he was not terminated during FMLA leave, but shortly thereafter. However, protected activity was still ongoing when Airbus managers discussed placing the Appellate on a Performance Improvement Plan (PIP), transferring him to a less favorable position, and ultimately terminating him, discussions that occurred while he was still on leave (Doc. 72, Exhibit 7). The district court's characterization of these actions as non-retaliatory is inconsistent with Eleventh Circuit precedent. In *Brungardt v. BellSouth Telecommunications, Inc.*, 231 F.3d 791 (11th Cir. 2000), the Court held that close temporal proximity between FMLA-protected activity and adverse employment action is sufficient to establish a causal connection. Further, in *Strickland v. Water Works & Sewer Bd. of Birmingham*, 239 F.3d 1199 (11th Cir. 2001), the Court confirmed that retaliatory intent may be inferred when adverse decisions are made

---

[1] Federal Rule of Civil Procedure 30(e) provides that, upon request, a deponent must be allowed 30 days after being notified that the transcript is available to review the transcript and, if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

2

during the protected period, even if the termination occurs shortly after. These principles apply directly here, and the retaliation claim should not have been dismissed at summary judgment.

## C. Hostile Deposition Conditions

The appellant reiterates that the presence of Ethan Mattocks, a key individual involved in the discriminatory conduct, during the deposition was retraumatizing. His presence substantially impaired the Appellant's ability to testify fully and accurately. The defense cannot assess the harm of that presence; only the fact-finder can. This issue alone merits jury review, not summary dismissal.

## II. APPELLANTS REBUTTAL AND REAFFIRMATION OF LEGAL ARGUMENTS

Appellant presents several critical arguments. First, the district court erred in granting summary judgment despite the presence of genuine disputes of material fact, in violation of the Seventh Amendment guarantee of a jury trial. Second, the improper striking of evidence under Rule 56(c)(2) deprived Appellant of a full and fair opportunity to present his case. Third, the court's failure to rule on Appellee's motion to dismiss prejudiced Appellant's ability to litigate his FMLA claim. Fourth, the close temporal proximity between Appellant's protected

3

activity and adverse employment actions satisfies the causation element under *Brungardt v. BellSouth Telecommunications, Inc.*, 231 F.3d 791 (11th Cir. 2000). Fifth, Appellee's claim that no comparators exist is rebutted under the *Lewis* standard[2], as Appellant identified similarly situated employees treated more favorably. In addition to these substantive errors, Appellant highlights procedural violations, including Appellee's reliance on an incomplete deposition transcript, and now its failure to file an appendix in accordance with Eleventh Circuit Rule 30-1. Finally, Appellant emphasizes that the district court's actions collectively deprived him of due process and the constitutional right to a jury trial, further reinforcing the need for reversal.

## A. Summary Judgment and the Seventh Amendment

Appellee's assertion that summary judgment was proper ignores clear precedent from the Eleventh Circuit. In *Burns v. Lawther*, 53 F.3d 1237 (11th Cir. 1995), the Court held that summary judgment is inappropriate when there are genuine disputes of material fact, and that such disputes must

---

[2] In *Lewis v. City of Union City*, 918 F.3d 1213 (11th Cir. 2019) (en banc), the Eleventh Circuit held that a valid comparator in a Title VII discrimination case must be 'similarly situated in all material respects.' The Court explained that, while not an exhaustive checklist, comparators typically (1) engaged in the same basic conduct, (2) were subject to the same rules, (3) reported to the same supervisor, and (4) had a similar employment history. The standard ensures that comparators are alike in ways that would be material to an employer's decision-making.

4

be resolved by a jury. The district court erred by weighing facts, resolving credibility issues, and relying heavily on a disputed and unsigned deposition transcript to find for the employer. These actions denied Appellant his constitutional right to trial by jury under the Seventh Amendment.

## B. Improper Striking of Evidence under Rule 56(c)(2)

The district court improperly struck key evidence such as performance reviews, and declarations, without properly assessing their potential admissibility at trial. Federal Rule of Civil Procedure 56(c)(2) permits objection only if the evidence 'cannot be presented in a form that would be admissible.' The Supreme Court in *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), and the Eleventh Circuit *in Jones v. UPS Ground Freight*, 683 F.3d 1283 (11th Cir. 2012), make clear that summary judgment should not exclude evidence that could be made admissible later. This exclusion violated the Appellant's due process rights and materially altered the summary judgment outcome.

## C. Failure to Rule on Motion to Dismiss Was Prejudicial

Appellee incorrectly argues that the district court's failure to rule on the second motion to dismiss was harmless. In fact, this procedural failure left the legal status of the Appellant's FMLA retaliation claim ambiguous. It

5

directly impaired his ability to conduct discovery, assert a clear claim, and defend it under Rule 12(b)(6)[3]. The omission constitutes a reversible error.

## D. Close Temporal Proximity and Brungardt

Appellee's denial of a causal connection is also inconsistent with Eleventh Circuit law. In *Brungardt v. BellSouth Telecommunications, Inc.*, 231 F.3d 791 (11th Cir. 2000), the court held that close temporal proximity between protected activity and adverse action can establish the causation element of retaliation. The appellant's FMLA leave concluded just one day before his reassignment, PIP, and weeks before termination which is well within the window recognized by Brungardt.

Moreover, Mr Cooper's FMLA rights were not only retaliated against but also interfered with. The appellant was originally scheduled to return from approved FMLA leave on July 28, 2021, but was contacted by Ethan Mattocks (who also attended the deposition) and instructed not to return until August 3, 2021, without medical justification or legal basis. This delay, unilaterally imposed by the employer, constitutes actionable interference under 29 U.S.C. § 2615(a)(1), which prohibits any effort by an employer to

---

[3] Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint that fails to state a legally sufficient claim. To survive a 12(b)(6) motion, the complaint must include factual allegations that, accepted as true, make the claim plausible on its face. See Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

"interfere with, restrain, or deny the exercise of" FMLA rights. The Eleventh Circuit has affirmed that preventing or delaying an employee's return to work at the end of protected leave may support a claim of FMLA interference. See *Evans v. Books-A-Million, Inc.*, 762 F.3d 1288, 1297 (11th Cir. 2014). This further supports reversal of the district court's judgment and remand for jury determination.

### E. Similarly Situated Comparators under Lewis

Appellee argues no valid comparator was identified. This too misstates Eleventh Circuit law. In *Lewis v. City of Union City*, 918 F.3d 1213 (11th Cir. 2019), the Court clarified that comparators need only be 'similarly situated in all material respects.' Appellant identified Alex Tijerina and Reid Stewart, who engaged in workplace disruptions (Nerf gun incidents), yet received extended training and no discipline. Appellant, by contrast, filed HR complaints and was quickly placed on a PIP and terminated. These differences support a jury inference of pretext and discriminatory motive.

Moreover, Appellee repeatedly attempts to justify Appellant's termination by asserting that he exhibited performance deficiencies. This argument is both factually unsupported and procedurally improper. Mr. Cooper was in a training status as a newly hired Mechanical Engineer (ME) from his start

7

date on February 15, 2021 until his termination in September 2021. It is undisputed that no formal performance reviews were administered during this period. Appellee's reliance on "On-the-Job Training Assessments" conflates informal observations with valid performance evaluations. Appellee selectively omits favorable portions of the "On-the-Job Training Assessments" in order to support its narrative of poor performance, further confirming the existence of multiple material factual disputes that should have precluded summary judgment. To further obscure this distinction, Appellee successfully moved to strike from the record at least six documented performance reviews, each marked "Fully Successful" and each accompanied by bonuses from Mr. Cooper's prior position immediately before becoming an ME. This evidence would have rebutted Appellee's narrative and demonstrated that Mr. Cooper had a consistent history of strong performance at Airbus. Yet, the district court struck this evidence as part of a ruling embedded within its summary judgment decision, denying Appellant a meaningful opportunity to challenge that exclusion. See *Fed. R. Civ. P. 56(c)(2)* and *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1293–94 (11th Cir. 2012) (evidence that can be presented in admissible form should not be excluded at summary judgment).

8

Additionally, placing an employee on a Performance Improvement Plan (PIP) while still in a training period, particularly without prior discipline or documented performance issues, is irregular and potentially pretextual. The appellant was not evaluated under the same criteria as comparators Alex Tijerina or Reid Stewart, both of whom engaged in workplace misconduct but received extended training and were retained. The Eleventh Circuit has long held that employers may not rely on inconsistent application of discipline or procedures to shield otherwise discriminatory decisions. See *Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011) (a "convincing mosaic" of circumstantial evidence can support an inference of discriminatory intent).

Appellee cites *Gamba v. City of Sunrise*, 157 F. App'x 112 (11th Cir. 2005), for the proposition that FMLA does not protect poor performers. That is not in dispute. What is disputed, however, is whether the performance issues alleged were real or pretextual, whether they were handled consistently with company practice, and whether they were manipulated post hoc to justify a termination already in motion. That is a question of fact, and one that must be resolved by a jury, not on summary judgment. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## III. PROCEDURAL VIOLATIONS BY APPELLEE

### A. Appellee's Failure to File Appendix

Appellee's brief fails to comply with Federal Rule of Appellate

Procedure 30(a)(1) and Eleventh Circuit Rule 30-1, which require an

appendix containing relevant record excerpts. Instead, Appellee relies on

citations to filings never submitted in any formal appendix. This burdens the

Court and prejudices Appellant. The Eleventh Circuit has stated it will not

search the record sua sponte for factual support. Accordingly, factual

assertions unsupported by a formal appendix should be disregarded.

### B. Improper Use of Incomplete Record Evidence

Appellee repeatedly cites to Appellant's deposition; an unsigned, incomplete

transcript, as the basis for summary judgment. Appellant never had the

opportunity to correct or object to the contents before it was filed. This

circumvention of Rule 30(e) and reliance on a procedurally deficient

document undermines the reliability of the court's judgment.

### IV. Equity, Due Process, and the Need for Jury Determination

This case raises fundamental concerns about procedural fairness and the

right to trial by jury. The district court's decision to resolve disputed issues

of fact through summary judgment, rather than allowing a jury to weigh

10

credibility and intent, deprived Appellant of his constitutional rights. As the Supreme Court has stated in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), 'Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.' The district court improperly assumed these functions. Further, the Eleventh Circuit in *Burns v. Lawther*, 53 F.3d 1237 (11th Cir. 1995), held that the denial of a jury trial in the presence of material factual disputes is reversible error. The factual record here, including contested claims of discriminatory training, hostile environment, retaliatory discipline, and procedural irregularities, should have been submitted to a jury. Summary judgment, rendered one day before pretrial, foreclosed Appellant's Seventh Amendment rights.

## V. Conclusion

For the foregoing reasons, Appellant respectfully requests that this Court reverse the district court's grant of summary judgment in favor of Appellee Airbus Americas, Inc., and remand this case for trial on all remaining claims, including race discrimination and retaliation under Title VII and 42 U.S.C. § 1981, and FMLA retaliation. Appellant further requests that the Court direct the district court to consider the merits of Appellant's claims on a full and fair record, and to permit all relevant evidence to be presented at trial.

*Keith Cooper*
Keith Cooper
Pro Se
Plaintiff/Appellant,
keithcooper36610@gmail.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(a)(7)(B) and 11th Cir. Rule 32-4, I certify that this Reply Brief complies with the type-volume limitation applicable to reply briefs in the Eleventh Circuit. According to the word count function of the word processing program used (Microsoft Word), this brief contains 2359 words (excluding the parts of the brief exempted by Fed. R. App. P. 32(f)), which is within the permitted length for a reply brief.

The brief has been prepared in a proportionally spaced typeface (14-point Times New Roman) and otherwise complies with the formatting requirements of Rule 32(a).

## CERTIFICATE OF SERVICE

I hereby certify that on this day, May 5th, 2025, a true and correct copy of the Appellant's Reply Brief was served in compliance with Federal Rule of Appellate Procedure 25 and Eleventh Circuit Rule 25-3 as follows:

- Four (4) paper copies of the brief were sent via United States Postal Service (USPS) Priority Mail to:
  Clerk of Court

  United States Court of Appeals for the Eleventh Circuit
  56 Forsyth Street, N.W.
  Atlanta, GA 30303

- One (1) paper copy of the brief was sent via United States Postal Service (USPS) Priority Mail to counsel for Appellee:

  Kathryn Willis
  Burr & Forman
  11 N Water St # 22200
  Mobile, AL 36602

I declare under the penalty of perjury that the foregoing is true and correct. I further certify that all copies were mailed in compliance with the rules

governing service and filing in the United States Court of Appeals for the

Eleventh Circuit.

Dated: May 5th, 2025

Respectfully submitted,

Keith Cooper
Pro Se
Plaintiff/Appellant,
keithcooper36610@gmail.com

14